*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLISON BARKLEY, DAVID BARKLEY,
JEFFREY SAGE, SAHAR SAGE, and CLYNETTA
WHITE,

        Plaintiffs-Appellants,

v

CITY OF SOUTHFIELD, COUNTY OF
OAKLAND, GEORGE W. KUHN DRAINAGE
DISTRICT, and OAKLAND COUNTY WATER
RESOURCES COMMISSIONER,

        Defendants-Appellees.

FOR PUBLICATION
August 06, 2026
9:49 AM

No.   369608
Oakland Circuit Court
LC No.   2023-202345-NZ

COLLEEN COREY, BEVERLY DAVIS-
GACOICH, EMERSON FISHER, KELLY MARIE
CAMPBELL, DENISE GRASS, DANNY
BARKHO, DAVID HANNA, DIANNE HEALY-
CLAUSS, JEFFREY IRISH, TRAVIS MARSHALL,
KANDACE MARSHALL, GREGORY MORAD,
BARBARA MORAD, VERONIKA RAGER, CARL
PUTNAM, MARY PUTNAM, MICHAEL
GARNETT, CLAUDIA GARNETT, MARY
MITCHELL, and KENNETH KEINZMAN,

        Plaintiffs-Appellees,

v

COUNTY OF OAKLAND, GEORGE W. KUHN
DRAINAGE DISTRICT, and OAKLAND
COUNTY WATER RESOURCES
COMMISSIONER,

        Defendants-Appellants,

No.   370050
Oakland Circuit Court
LC No.   2023-202344-NZ

-1-

and

CITY OF ROYAL OAK,

    Defendant.

_____

COLLEEN COREY, BEVERLY DAVIS-
GACOICH, EMERSON FISHER, KELLY MARIE
CAMPBELL, DENISE GRASS, DANNY
BARKHO, DAVID HANNA, DIANNE HEALY-
CLAUSS, JEFFREY IRISH, TRAVIS MARSHALL,
KANDACE MARSHALL, GREGORY MORAD,
BARBARA MORAD, VERONIKA RAGER, CARL
PUTNAM, MARY PUTNAM, MICHAEL
GARNETT, CLAUDIA GARNETT, MARY
MITCHELL, and KENNETH KEINZMAN,

    Plaintiffs-Appellees,

v

COUNTY OF OAKLAND, GEORGE W. KUHN
DRAINAGE DISTRICT, and OAKLAND
COUNTY WATER RESOURCES
COMMISSIONER,

    Defendants,

and

CITY OF ROYAL OAK,

    Defendant-Appellant.

No. 370112
Oakland Circuit Court
LC No. 2023-202344-NZ

_____

DENNIS AYLWARD, BARBARA AYLWARD,
LAURA BAYOFF-ELKINS, SCOTT BEACH,
COURTNEY BEACH, SARA BEAN, MARK
BOEHMAN, PAULA BOEHMAN, LISA
CAPRARO, JOSEPH COOPER, MAYA COOPER,
ROGER DENHA, KAREN DENHA, JODY
DERUSHA, MICHAEL DONOVAN, BRIAN
EBNER, HILARY EBNER, KENNETH
FLAHERTY, JENNIFER FLAHERTY, MICHAEL

-2-

GARVEY, JULIA GARVEY, KEVIN HALLORAN, PEGGI HALLORAN, JESSICA HODOR, ROBERT KOZAK, CATHERINE KOZAK, JAMES LESLIE, ANNA LESLIE, ERIC LUSKY, JERI MCCORMICK, LAURENCE MEEKER, ANN MEEKER, GREGORY MEIHN, DAWN MEIHN, JENNIFER MORRISON, JONATHAN KISH, MARK NELSON, FRANK COX, SUSAN NELSON, JULIE PARSONS, SEAN PETERS, KELLY PETERS, SERGIO ROMERO, MICHAEL SCULLEN, LIESL SCULLEN, PATRICK TRAYNOR, PAM TRAYNOR, MARGARET YEAGER, NANCY GORDON, and MARILYN GORDON,

     Plaintiffs-Appellees,

v

VILLAGE OF BEVERLY HILLS,

     Defendant,

and

COUNTY OF OAKLAND, GEORGE W. KUHN DRAINAGE DISTRICT, and OAKLAND COUNTY WATER RESOURCE COMMISSIONER,

     Defendants-Appellants.

No. 370580
Oakland Circuit Court
LC No. 2023-202350-NZ

DENNIS AYLWARD, BARBARA AYLWARD, LAURA BAYOFF-ELKINS, SCOTT BEACH, COURTNEY BEACH, SARA BEAN, MARK BOEHMAN, PAULA BOEHMAN, LISA CAPRARO, JOSEPH COOPER, MAYA COOPER, ROGER DENHA, KAREN DENHA, JODY DERUSHA, MICHAEL DONOVAN, BRIAN EBNER, HILARY EBNER, KENNETH FLAHERTY, JENNIFER FLAHERTY, MICHAEL GARVEY, JULIA GARVEY, KEVIN HALLORAN, PEGGI HALLORAN, JESSICA HODOR, ROBERT KOZAK, CATHERINE KOZAK, JAMES LESLIE, ANNA LESLIE, ERIC LUSKY, JERI

-3-

MCCORMICK, LAURENCE MEEKER, ANN MEEKER, GREGORY MEIHN, DAWN MEIHN, JENNIFER MORRISON, JONATHAN KISH, MARK NELSON, FRANK COX, SUSAN NELSON, JULIE PARSONS, SEAN PETERS, KELLY PETERS, SERGIO ROMERO, MICHAEL SCULLEN, LIESL SCULLEN, PATRICK TRAYNOR, PAM TRAYNOR, MARGARET YEAGER, NANCY GORDON, and MARILYN GORDON,

       Plaintiffs-Appellees,

v

VILLAGE OF BEVERLY HILLS,

       Defendant-Appellant,

and

COUNTY OF OAKLAND, GEORGE W. KUHN DRAINAGE DISTRICT, and OAKLAND COUNTY WATER RESOURCE COMMISSIONER,

       Defendants.

No. 370583
Oakland Circuit Court
LC No. 2023-202350-NZ

---

CAROLINE ASHLEIGH, KELLY DRESKE, LAURA FOGELMAN, SAM FOGELMAN, MARIA JANCEVSKI, JEFFREY JOHNSON, SALLY JOHNSON, BARBARA LEBUS, DAVID MENCZER, SANDRA MENCZER, ROSALIND NESSEL, STEVEN PERLMAN, ALEXA PROVENZANO, NOAH PROVENZANO, PATRICK SCOTT, SHAWN SCOTT, LEE TRUMBULL, ROBERT TRUMBULL, JAMES WHITE, and LYDIA WHITE,

       Plaintiffs-Appellees,

v

CITY OF BIRMINGHAM,

No. 372060
Oakland Circuit Court
LC No. 2023-202347-NZ

Defendant,

and

COUNTY OF OAKLAND, GEORGE W. KUHN
DRAINAGE DISTRICT, and OAKLAND
COUNTY WATER RESOURCE
COMMISSIONER,

Defendants-Appellants.

---

CAROLINE ASHLEIGH, KELLY DRESKE,
LAURA FOGELMAN, SAM FOGELMAN,
MARIA JANCEVSKI, JEFFREY JOHNSON,
SALLY JOHNSON, BARBARA LEBUS, DAVID
MENCZER, SANDRA MENCZER, ROSALIND
NESSEL, STEVEN PERLMAN, ALEXA
PROVENZANO, NOAH PROVENZANO,
PATRICK SCOTT, SHAWN SCOTT, LEE
TRUMBULL, ROBERT TRUMBULL, JAMES
WHITE, and LYDIA WHITE,

Plaintiffs-Appellees,

v

CITY OF BIRMINGHAM,

Defendant-Appellant,

and

COUNTY OF OAKLAND, GEORGE W. KUHN
DRAINAGE DISTRICT, and OAKLAND
COUNTY WATER RESOURCE
COMMISSIONER,

Defendants.

No.  372076
Oakland Circuit Court
LC No.  2023-202347-NZ

---

Before:  BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

MARIANI, J.

-5-

These consolidated appeals by right and by leave granted[1] arise from four different actions filed in the Oakland Circuit Court, all of which allege sewage disposal system failures that resulted in raw sewage flooding individuals' homes. All four actions involve claims against the same county defendants: Oakland County, the George W. Kuhn Drainage District, and the Oakland County Water Resources Commissioner. Each action also involves claims against the relevant locality: respectively, the City of Southfield, the City of Royal Oak, the City of Birmingham, and the Village of Beverly Hills. For purposes of this opinion, we will use the locality for each action to identify it and its relevant actors—e.g., "the Southfield case," "the Southfield plaintiffs," "the Southfield defendants," and "the Southfield court." And where no distinction between the different parties in each case is particularly material, we will simply refer to them collectively as "plaintiffs" and "defendants."

While the four cases differ in various factual and procedural ways, the disposition of the instant appeals turns on a basic sequence of events common to them all: in each case, plaintiffs filed a complaint, and a summons was correspondingly issued; before serving that complaint and summons, and before the summons had expired, plaintiffs filed an amended complaint, purportedly by right (i.e., without seeking leave of court or consent from defendants); plaintiffs then served the amended complaint and the previously issued summons on defendants before the summons expired. Defendants maintain that plaintiffs had no right to amend their complaints as they did, and that plaintiffs' service of those complaints, rather than the original complaints, was patently improper; as a result, the amended complaints must be stricken and the cases must be dismissed. Plaintiffs, meanwhile, see no impropriety with the manner in which they amended their complaints or effectuated service of process, let alone any impropriety substantial enough to warrant the relief defendants seek. This set of facts and arguments generated different reactions and rulings from the four trial courts: the Southfield court struck the amended complaint and dismissed the case; the Beverly Hills court struck the amended complaint but declined to dismiss the case; and the Royal Oak and Birmingham courts declined to strike the amended complaints or to dismiss the cases. The Southfield plaintiffs now appeal, as do the Beverly Hills, Royal Oak, and Birmingham defendants.[2]

---

[1] This Court, on its own motion, consolidated all six of the application-based appeals with each other and with the claim of appeal filed by right in Docket No. 369608. *Corey v County of Oakland*, unpublished order of the Court of Appeals, entered October 25, 2024 (Docket No. 370050); *Corey v County of Oakland*, unpublished order of the Court of Appeals, entered October 25, 2024 (Docket No. 370112); *Aylward v Village of Beverly Hills*, unpublished order of the Court of Appeals, entered October 25, 2024 (Docket No. 370580); *Aylward v Village of Beverly Hills*, unpublished order of the Court of Appeals, entered October 25, 2024 (Docket No. 370583); *Ashleigh v City of Birmingham*, unpublished order of the Court of Appeals, entered October 25, 2024 (Docket No. 372060); *Ashleigh v City of Birmingham*, unpublished order of the Court of Appeals, entered October 25, 2024 (Docket No. 372076).

[2] Namely, in Docket No. 369608, the Southfield plaintiffs appeal by right the Southfield court's orders striking their amended complaint and dismissing their case. In Docket Nos. 370050 and 370112, the Royal Oak defendants appeal by leave granted the Royal Oak court's order denying

Resolution of these appeals requires us to determine: (1) whether plaintiffs violated MCR 2.118(A) when amending their complaints, and (2) whether dismissal of the cases was warranted based on plaintiffs' service of the amended, rather than the original, complaints on defendants during the life of the summonses. We conclude that plaintiffs did not violate MCR 2.118(A) in filing their amended complaints because plaintiffs were permitted under that court rule to amend their complaints once as a matter of right without having first received a responsive pleading from defendants. We further conclude that, because there was no impropriety in plaintiffs' service of their amended complaint with the original summons—let alone any impropriety that would amount to a complete failure of service—dismissal of the cases on that basis was not warranted. Accordingly, we affirm the orders of the Royal Oak, Beverly Hills, and Birmingham courts denying the corresponding defendants' motions to dismiss the cases; affirm the orders of the Royal Oak and Birmingham courts denying the corresponding defendants' motions to strike the amended complaints; reverse the Southfield court's orders striking the Southfield plaintiffs' amended complaint and dismissing their case; and remand in all matters for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As noted, the four cases at issue vary in their factual and procedural backgrounds in assorted ways, but for the most part those variations are not critical to the resolution of the instant appeals and so we will not belabor them here. These cases all arise out of allegations that, on or about August 28, 2020, plaintiffs' homes were flooded with raw sewage and storm water as a result of defects in defendants' sewage disposal systems.[3] Three years after that alleged flooding, the instant actions were filed, with the same attorney representing the plaintiffs in each case. After plaintiffs' attorney filed the complaints in each case, corresponding summonses were issued; the summonses were set to expire 91 days later, at the end of November 2023. Approximately one or two days before each of the summonses was set to expire, plaintiffs, without obtaining consent from defendants or seeking leave of court, filed amended complaints.[4] New summonses were not

_____

their motion to strike the amended complaint and to dismiss the case against them. In Docket Nos. 370580 and 370583, the Beverly Hills defendants appeal by leave granted the Beverly Hills court's order denying their motion to dismiss the case against them; the Beverly Hills plaintiffs have not sought to appeal the Beverly Hills court's decision to strike their amended complaint. And in Docket Nos. 372060 and 372076, the Birmingham defendants appeal by leave granted the Birmingham court's order denying their motions to strike the amended complaint and to dismiss the case against them.

[3] The Royal Oak, Birmingham, and Beverly Hills plaintiffs additionally allege that several of their homes experienced the same type of flooding on or about July 24, 2021.

[4] The amended complaints were each labeled "First Amended Complaint," and they contained substantially the same allegations as the original complaints while making certain substantive additions. Namely, the complaint in the Birmingham case was amended to add two new plaintiffs who had allegedly experienced the same flooding in their homes as already alleged in the original complaint. And in all four cases, the complaints were amended to add allegations that flooding also occurred on or about August 24, 2023 for some of the named plaintiffs.

issued in connection with these amended complaints. Before the previously issued summonses expired, plaintiffs served defendants with those summonses and the amended complaints.

In December 2023, the Southfield trial court sua sponte struck the Southfield plaintiffs' amended complaint under MCR 2.115(B) because its filing violated MCR 2.118(A), and then dismissed the case under MCR 2.102(E)(1) and MCR 2.504(B)(1) for plaintiffs' failure to timely serve defendants with a copy of the original complaint before the summons expired. The Southfield plaintiffs moved for reconsideration and to set aside the dismissal, arguing (among other things) that, pursuant to MCR 2.105(K)(3), any deficiency in their service of process did not warrant dismissal because the summons and amended complaint that were served on the Southfield defendants duly informed those defendants of the pending action within the time provided by the summons. The Southfield court denied the motions.

Meanwhile, the defendants in the other three cases filed motions to strike the amended complaints and to dismiss the cases under MCR 2.102(E)(1) (dismissal for failure to serve process), MCR 2.116(C)(1) (lack of jurisdiction), and MCR 2.116(C)(3) (insufficient service of process).[5] Those motions argued that dismissal of the cases was warranted because, in each case, plaintiffs failed to serve a copy of the original complaint within the life of the summons, and plaintiffs' attempt to amend their complaints by right was improper under MCR 2.118(A) given that those complaints were filed before defendants had served responsive pleadings to the original complaints. In all three cases, plaintiffs opposed the motions, arguing in relevant part that (1) their amended complaints were properly filed and should not be stricken in any event, and (2) their service of the amended complaints with the summonses was also proper and, even if there were some deficiency, dismissal on that basis was barred by MCR 2.105(K)(3). The Royal Oak, Beverly Hills, and Birmingham courts each held hearings on the matters, and all three ultimately denied the corresponding defendants' requests for dismissal. The Royal Oak and Birmingham courts also denied the requests to strike the amended complaints, but the Beverly Hills court granted that request and ordered the Beverly Hills plaintiffs to serve the Beverly Hills defendants with the original complaint, noting that doing so would be "sufficient to cure any remaining procedural defect in this case."

These appeals followed.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *City of Fraser v Almeda Univ*, 314 Mich App 79, 85; 886 NW2d 730 (2016). When determining whether summary disposition under MCR 2.116(C)(1) or (3) is appropriate, the trial court must consider all evidence submitted by the parties, but "only . . . to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion."

---

[5] After the Southfield case was dismissed but before they filed their motions to strike and to dismiss, the Royal Oak and Beverly Hills defendants filed answers and affirmative defenses to plaintiffs' amended complaints. These pleadings did not raise lack of service as an affirmative defense.

-8-

MCR 2.116(G)(5)-(6). When rendering a decision on the motion, the court must view the proffered evidence in the light most favorable to the nonmoving party. *Fraser*, 314 Mich App at 85.

We review for an abuse of discretion a trial court's decision to strike a pleading, *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 61-62; 836 NW2d 898 (2013), and a court's decision to dismiss a case for a party's failure to comply with court rules or a court order, *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). A trial court abuses its discretion when it renders a decision outside the range of reasonable and principled outcomes, which necessarily occurs when it makes an error of law. *Danhoff v Fahim*, 513 Mich 427, 442; 15 NW3d 262 (2024).

We review a trial court's interpretation and application of court rules de novo, and review for clear error the court's factual findings underlying that application. *Vittiglio v Vittiglio*, 297 Mich App 391, 397-398; 824 NW2d 591 (2012). "Court rules are to be interpreted to give effect to the intent of the Supreme Court, the drafter of the rules." *People v Byars*, 346 Mich App 554, 567; 13 NW3d 328 (2023) (quotation marks and citation omitted). In doing so, we look first to the court rule's plain language to determine its meaning, and we do not engage in further judicial construction if that language is unambiguous. *Id*. at 567-568. "The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole," and "[c]hanges to a court rule must be construed in light of preceding court rules and the historical legal development of the court rules." *Id*. at 567 (cleaned up). "If judicial construction is required, this Court must adopt a construction that best accomplishes the purpose of the court rule." *Id*. at 568 (quotation marks and citation omitted). "While the Court may consider a variety of factors" when engaging in such construction, "it should always use common sense." *Id*. (quotation marks and citation omitted).

## III. AMENDMENT OF COMPLAINT UNDER MCR 2.118(A)

We start with the parties' dispute over whether plaintiffs were permitted under MCR 2.118(A) to file their amended complaints without first seeking leave from their respective trial courts or obtaining consent from defendants. MCR 2.118(A) provides, in relevant part:

> (1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

> (2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

Central to the parties' dispute is the proper meaning of "within 14 days after" service of a responsive pleading—namely, whether it includes only the 14 days after a responsive pleading is served by an adverse party, meaning that a responsive pleading must be served before a complaint can be amended by right, or if it instead allows amendment at any time up until 14 days after a responsive pleading is filed.

Plaintiffs argue that the term "within," when used in a temporal context, marks the outer limit of when something can happen, but does not act as a limit on how soon something can happen.

Accordingly, plaintiffs argue, they could amend their complaints once by right at any time before service of a responsive pleading from defendants, with the 14-day period provided in MCR 2.118(A)(1) only limiting how long they had to do so after service of such a pleading. Defendants, on the other hand, argue that plaintiffs were not entitled to file the amended complaints by right because MCR 2.118(A)(1) required that a responsive pleading be served before they could do so— and because defendants had not served responsive pleadings at the time the amended complaints were filed, the 14-day window during which plaintiffs could amend their complaints by right had not been triggered.

There is very little published caselaw on this interpretive point, but what little there is supports plaintiffs' reading of MCR 2.118(A)(1). In *Badeen v PAR, Inc*, 300 Mich App 430, 439-442; 834 NW2d 85 (2013), vacated in part on other grounds 496 Mich 75 (2014), the primary issue on appeal was the timeliness of the plaintiffs' motion for class certification under MCR 3.501(B). This issue, however, hinged on whether the relevant timeline was properly marked from the filing of the original complaint on April 5, 2010, or the amended complaint on May 14, 2010—which had been filed prior to any responsive pleading from the defendants. This Court concluded that the amended, rather than the original, complaint was the proper marker for determining the class-certification timeline and that the plaintiffs "had properly amended their original complaint" under MCR 2.118(A)(1), explaining:

> MCR 2.118(A) allows a party to amend a pleading once as a matter of course as long as 14 days have not lapsed after receiving a responsive pleading. As of May 14, 2010, no defendants had filed or served any answer to [the] plaintiffs' original complaint. Thus pursuant to MCR 2.118(A), [the] plaintiffs were permitted to amend the complaint on May 14, 2010. [*Id*. at 441.]

This Court's understanding and application of MCR 2.118(A)(1) in *Badeen* align with how the term "within," when used in a temporal context, has consistently been defined. See, e.g., *Black's Law Dictionary* (6th ed) (defining "within," when used in relation to time, as, among other things, "not longer in time than," "any time before," "before the expiration of," "not beyond," and "not later than"); *Merriam-Webster's Collegiate Dictionary* (12th ed) (defining "within," when used as a preposition, as "indicat[ing] situation or circumstance in the limits or compass of[,] such as . . . before the end of" or "not beyond the quantity, degree, or limitations of");[6] see also *Morgan v United States*, 958 F2d 950, 952 (CA 9, 1992) (reasoning that, because the term "within" means "before the end of," the defendant did not violate 26 USC 7429(a)(1)'s "requirement that the notice be provided 'within 5 days after the day on which an assessment is made' " by providing notice to

---

[6] "Within" was defined in the same manner at the time MCR 2.118(A)(1) was promulgated, and in the years since. See *Black's Law Dictionary* (5th ed); *Black's Law Dictionary* (4th ed); *Merriam-Webster's Collegiate Dictionary* (11th ed); *Merriam-Webster's Collegiate Dictionary* (10th ed); *Webster's Ninth New Collegiate Dictionary* (9th ed); *Webster's New Collegiate Dictionary* (8th ed).

the plaintiff "two days before the assessment itself") (cleaned up).[7]  This Court's analysis in *Badeen*, 300 Mich App at 441, thus comports with the plain meaning of "within," and both support plaintiffs' position that MCR 2.118(A)(1) sets an outer boundary on when an amended pleading may be filed by right but does not require the filing of a responsive pleading by an adverse party before that right is triggered.[8]

In arguing otherwise, defendants stress the phrasing of the prior version of MCR 2.118(A)(1), which provided that a "party may amend his pleading once as a matter of course *at any time before or* within 15 days after a responsive pleading is served."  GCR 1963, 118.1 (emphasis added).  Defendants largely acknowledge[9]—and we agree—that under this prior language, plaintiffs were permitted to amend their complaints by right in the manner that they did in this case.  Defendants maintain, however, that our Supreme Court's removal of "at any time before" from the rule's language when adopting MCR 2.118(A)(1) demonstrates that the Court intended to limit a party's ability to amend a pleading by right to only the 14-day period after service of a responsive pleading.

While we take no issue with defendants' invitation to look to the "preceding court rules and the historical legal development of the court rules" in construing MCR 2.118(A)(1)'s changed language, *Byars*, 346 Mich App at 567 (quotation marks and citation omitted), we are not convinced by their offered construction.  To start, the change in language that defendants highlight was not the targeted or limited one that their position suggests; instead, the Court rewrote the entirety of the court rule in question, which previously read in full:

> A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served.  Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party.  Leave shall be freely given when justice so requires.  All amendments shall be filed in writing, dated, and numbered consecutively.  Unless otherwise indicated therein, an amended pleading shall supersede the former pleading.  [GCR 1963, 118.1.]

---

[7] "Though not binding on this Court, federal precedent is generally considered highly persuasive when it addresses analogous issues." *Shirvell v Dep't of Attorney General*, 308 Mich App 702, 739 n 11; 866 NW2d 478 (2015) (quotation marks and citation omitted).

[8] In seeking to distinguish *Badeen*, defendants note that the plaintiffs' original complaint in that case had already been served on the defendants.  But the opinion never says as much—only that the complaint had been *filed* with the trial court.  See *Badeen*, 300 Mich App at 434, 441.  Furthermore, defendants have not explained—nor do we see—why, under the plain language of MCR 2.118(A)(1), the ability to amend by right would turn on whether the original complaint was served, as that language focuses only on whether a responsive pleading has been served.

[9] Some defendants do not expressly address this point in their briefing, but also do not make any substantive argument to the contrary.

That rewrite of the court rule was, in turn, part of a comprehensive overhaul of the court rules in general, to streamline and simplify them. See Michigan Court Rules of 1985 (updated May 1, 2026), p xviv (noting that "[t]he Michigan Rules of Court were adopted in 1985 by the Michigan Supreme Court" and that "[t]he purpose of the Court Rules is to establish uniform rules and procedures for all levels of Michigan's court system" and to "ensure that cases are resolved without undue delay and that those who appear in court receive due process and equal treatment under the law").[10] It strikes us as fully consistent with this general overhaul of the court rules that the Supreme Court would, simply as a matter of style rather than substance, opt to reduce "at any time before or within" to "within"—given that the latter, as discussed, has a common meaning synonymous with the former.

Accordingly, when we consider the amendment of this court rule in full and in its broader context, we do not find particular support for the narrow intent that defendants attempt to assign to it. And defendants have not offered—nor have we found—anything else to suggest that the current version of MCR 2.118(A)(1) was intended to differ in substantive scope or operation from its prior version with respect to the discrete matter at issue here. Staff comments to the 1985 adoption of the rule state that "MCR 2.118 is based on GCR 1963, 118," and then specify substantive changes that were made to that prior rule through the adoption of the new one. MCR 2.118, 419A Mich 46, 47 (staff comment). The comments do not include any discussion of the language of MCR 2.118(A)(1) as compared to GCR 1963, 118.1, or otherwise suggest any intent to change how the rule substantively operates with respect to amendments by right.[11] And the change defendants argue for would certainly have been substantive, in our view; it not only would have affected the timeframe during which an amendment by right could be filed, but also would have rendered the very availability of that right contingent on the opposing party.[12] We have found

---

[10] Available at <https://www.courts.michigan.gov/498862/siteassets/rules-instructions-administrative-orders/michigan-court-rules/michigan-court-rules.pdf> (accessed August 4, 2026); see also Dean, *The Michigan Court Rules of 1985—Commencement of Actions; Service of Process; Pleadings*, 63 Mich B J 923, 923 (1984) (noting that "[t]he Michigan Court Rules of 1985 are the final product of more than 10 years of work . . . to develop a set of uniform rules applicable to all courts in" Michigan); Dean, *A Review of the Proposed Michigan Court Rules*, 57 Mich B J 127, 129-130 (1978) (noting that the purpose of the proposed rules was "to standardize practice across" Michigan).

[11] See also *The Michigan Court Rules of 1985—Commencement of Actions; Service of Process; Pleadings*, 63 Mich B J at 928 (reviewing the substantive changes of the Michigan Court Rules of 1985 and stating that the only "notable change" to "MCR 2.118, based upon GCR 1963, 118," was found in "subrule (A)(3)," which was changed to allow a court, in granting a late request to amend a pleading, to require the requesting party to pay the adverse party's resulting additional expenses upon a finding of "inexcusable delay").

[12] For instance, caselaw has generally recognized that "[a] motion for summary disposition is not a responsive pleading under MCR 2.110(A)." *Dimondale v Grable*, 240 Mich App 553, 565; 618 NW2d 23 (2000). Applying this general proposition to defendants' interpretation of MCR 2.118(A)(1), a defendant could file a motion for summary disposition in lieu of a responsive pleading to a plaintiff's original complaint and, if the motion prevails, the plaintiff would never

-12-

no indication that such an impairment of the right to amend "once as a matter of course" was an intended part of our Supreme Court's general rewrite of this court rule.[13]

In sum, MCR 2.118(A)(1), by its plain terms, does not condition a party's ability to amend its complaint by right on whether the adverse party has served a responsive pleading; instead, that subrule permits a party may amend its complaint once by right at any point before, and then up to 14 days after, the adverse party serves its requisite responsive pleading. This comports not only with the court rule's plain terms, but also with its history and the manner in which published authority from this Court has interpreted it. Plaintiffs thus did not amend their complaints in violation of MCR 2.118(A). Accordingly, the Royal Oak and Birmingham trial courts did not err by denying the corresponding defendants' motions to strike the amended complaints, but the Southfield court reversibly erred by striking the Southfield plaintiffs' amended complaint. See *Byars*, 346 Mich App at 567; *Bellevue Ventures*, 302 Mich App at 61-62; *Vittiglio*, 297 Mich App at 397-398.

## IV. DISMISSAL

Having determined that plaintiffs were permitted under MCR 2.118(A)(1) to amend their complaints by right, we turn to whether dismissal was warranted for insufficient service of process. As discussed, the Southfield court dismissed the Southfield plaintiffs' case for insufficient service of process under MCR 2.102(E)(1) and MCR 2.504(B)(1). The Royal Oak, Beverly Hills, and Birmingham courts, however, concluded that dismissal was not warranted in light of MCR 2.105(K)(3), and so denied defendants' motions to dismiss.

MCR 2.105 provides that proper service of process requires that a defendant be served with "a summons and a copy of the complaint." MCR 2.105(A)-(I). And MCR 2.102(E)(1) provides, in relevant part, that once the summons expires, "the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules[.]" In addition,

---

have a right to amend that complaint. Indeed, as defendants observe, a handful of unpublished decisions from this Court reflect this understanding. See, e.g., *Jones v Oakland Co Sheriff's Office*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2024 (Docket No. 368794), pp 3-4; *Kickham Hanley PLLC v Oakland Co*, unpublished per curiam opinion of the Court of Appeals, issued May 2, 2019 (Docket No. 341076), pp 9-10; *Robinson v Ford*, unpublished per curiam opinion of the Court of Appeals, issued September 10, 1999 (Docket No. 207241), p 3. These unpublished decisions are, of course, nonbinding, and to the extent they are inconsistent with the interpretation of MCR 2.118(A)(1) set forth above, we do not find them persuasive and decline to follow them. See, e.g., *Kessler v Longview Agricultural Asset Mgt, LLC*, 345 Mich App 196, 207 n 4; 4 NW3d 767 (2023); *Challenge Mfg Co, LLC v MetoKote Corp*, 345 Mich App 338, 351 n 2; 5 NW3d 83 (2023); see also MCR 7.215(C)(1).

[13] For the same fundamental reasons detailed above, to the extent MCR 2.118(A)(1)'s "within" language is ambiguous, we conclude that plaintiffs' offered interpretation is more sensible and aligned with the court rule's purpose than defendants'. See *Byars*, 346 Mich App at 568.

MCR 2.504(B)(1) permits a trial court to dismiss an action when "a party fails to comply with [the court] rules or a court order[.]"

According to defendants, plaintiffs' actions must be automatically "deemed dismissed" under MCR 2.102(E)(1) because our court rules required plaintiffs to serve defendants with not only a summons, but also the original complaint for which the summons was issued, and defendants never received a copy of plaintiffs' original complaints before the respective summonses for them expired. As support, defendants stress the use of "the" next to "complaint" in MCR 2.105. This, defendants maintain, signals that the original complaints needed to be served before the summonses expired, as those complaints each represented (in the county defendants' words) "the operative pleading as to which the summonses were issued."

We disagree with defendants' offered reading of these court rules. To start, we fail to see why plaintiffs' original complaints should be viewed as the "operative complaints" at the time of service in these cases, given that plaintiffs' amended complaints were, as discussed, properly filed by that time. While defendants highlight that the original complaints are what commenced these actions under MCR 2.101(B), it is well established that a properly filed amended pleading "supersedes the former pleading" and renders "the original pleading abandoned and withdrawn." *Badeen*, 300 Mich App at 441-442 (quotation marks and citations omitted); see also MCR 2.118(A)(4); *Grzesick v Cepela*, 237 Mich App 554, 562; 603 NW2d 809 (1999). Defendants have offered, and we have found, no authority indicating that MCR 2.105's reference to "the complaint" should be understood to require service of a version of the complaint that was, at the time of service, "abandoned and withdrawn," rather than the version that had "supersede[d]" it. *Badeen*, 300 Mich App at 441-442 (quotation marks and citations omitted).

Nor do we read MCR 2.105 to preclude service of plaintiffs' amended complaints with the summonses that were issued upon the filing of the original complaints. As defendants themselves note, MCR 2.105's plain language requires service of "*a* summons" and "a copy of *the* complaint" (emphases added), and " 'the' is a definite article" that has a different meaning than "a," which "is an indefinite article," *Badeen*, 300 Mich App at 440 (cleaned up), citing *Robinson v City of Lansing*, 486 Mich 1, 14; 782 NW2d 171 (2010). Nothing in this language purports to require that, for a given summons to constitute "a summons" for purposes of this court rule, it must have been issued specifically for the version of the complaint that is operative at the time of service. Simply put, we see no basis to conclude that our court rules categorically prohibit a party from serving a properly amended complaint with the original summons within the life of that summons, and no basis to conclude that plaintiffs' service of those documents in these cases was improper.

Furthermore, even if there were some impropriety in this regard, we disagree with defendants that it would warrant, let alone require, dismissal under the court rules. MCR 2.105(K)(3) provides that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." This rule effectuates "the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses." *Hill v Frawley*, 155 Mich App 611, 613-614; 400 NW2d 328 (1986); see also MCR 2.105(K)(1). And although this rule "clashes with some of the service-of-process rules, . . . when the manner [of service] actually used satisfies constitutional due process requirements by giving a

-14-

defendant sufficient notice, . . . dismissal is neither warranted nor allowed by the rule." *Hill*, 155 Mich App at 614. Only where there is a "complete failure of service of process"—rather than simply an "error[] in the manner or content of service of process"—is dismissal permitted. *Holliday v Townley*, 189 Mich App 424, 425-426; 473 NW2d 733 (1991); see also *In re Gordon Estate*, 222 Mich App 148, 157-158; 564 NW2d 497 (1997) ("[A] complete failure of service, e.g., failure to serve the summons with the complaint within the time for service, warrants dismissal for improper service of process."); *Bunner v Blow-Rite Insulation Co*, 162 Mich App 669, 674; 413 NW2d 474 (1987) (explaining that MCR 2.105(K)(3) "is not stated in discretionary terms" and that "[n]either errors in the content of the service nor in the manner of service are to result in dismissal unless the errors are so serious as to cause the process to fail in its fundamental purpose"). Both this Court and our Supreme Court have repeatedly recognized and applied these fundamental principles. See, e.g., *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274-275; 803 NW2d 151 (2011); *Bullington v Corbell*, 293 Mich App 549, 556; 809 NW2d 657 (2011); *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 646; 617 NW2d 373 (2000); *Mich Ed Ass'n v N Dearborn Heights Sch Dist*, 169 Mich App 39, 45; 425 NW2d 503 (1988).

Here, in each case, defendants were served with a copy of the properly amended (and thus operative) complaint and the original summons within the time provided in the original summons. As discussed, this was procedurally proper, but even if it were not, we fail to see how any deficiency would amount to "a complete failure of service" that would warrant dismissal. *Gordon Estate*, 222 Mich App at 157. In arguing otherwise, defendants rely heavily on this Court's decision in *Holliday*, but their attempted analogy to that case is inapt; indeed, if anything, *Holliday* helps illustrate why MCR 2.105(K)(3) would properly apply here. In *Holliday*, 189 Mich App at 425, the plaintiff filed a complaint and her counsel mailed a copy of it to the defendant with a cover letter stating that, unless the defendant provided certain records within a certain timeframe, "counsel would 'formally serve the papers.' " The defendant "was never served with" and "never received the summons[.]" *Id*. This Court concluded that these circumstances amounted to "a complete failure of service of process" irredeemable by MCR 2.105(K)(3) because the plaintiff's counsel "specifically said in his cover letter than he was not then serving process" and, correspondingly, no summons was ever provided—and "[i]t is the summons which informs the defendant of the fact that an action has been commenced against him and of his rights and duties in connection therewith, such as the time limits for responding to the complaint." *Id*. at 425-426, citing MCR 2.102. That is why, this Court explained, our court rules regarding service of process "assume[] that the summons will be served with the complaint, even if in a technically defective fashion." *Id*. at 426. But no summons in *Holliday*, defective or otherwise, was ever served.

The circumstances at issue in *Holliday* stand in clear contrast to those presented here. In the instant cases, defendants were all served with both a summons and a complaint, and were thus duly informed that an action had, in fact, been commenced against them. The amended complaints with which they were served included the same substantive allegations contained in the original complaints; as such, even if defendants are correct that they should have been served with the original complaints instead, they were still apprised of those complaints' allegations against them

and of the need and opportunity to respond.[14]  Plaintiffs' service of the summonses and amended complaints within the time provided by those summonses thus sufficiently notified defendants of the pending actions and afforded them due opportunity to respond, notwithstanding any "errors in the manner or content" of that service of process.  *Id*.; see also *Bunner*, 162 Mich App at 673-674; *Hill*, 155 Mich App at 613-614.

In sum, we see no sound basis to dismiss the instant cases for lack of sufficient service. Accordingly, the Royal Oak, Beverly Hills, and Birmingham trial courts did not err by denying defendants' motions for dismissal under MCR 2.102(E)(1) and MCR 2.116(C)(1) and (3), but the Southfield court reversibly erred by dismissing the Southfield case under MCR 2.102(E)(1) and MCR 2.504(B)(1).

## V.  CONCLUSION

Under a plain reading of our court rules, plaintiffs were permitted to file their amended complaints even though defendants had not yet filed a responsive pleading to the original complaints.  Additionally, plaintiffs' service of their amended complaints with the original summonses was proper, and even if not, any impropriety did not amount to a complete failure of service of process such that dismissal would be warranted.  Accordingly, the Royal Oak, Beverly Hills, and Birmingham courts did not err by denying the corresponding defendants' motions to dismiss, and the Royal Oak and Birmingham courts did not err by denying the corresponding defendants' motions to strike the amended complaints.  The Southfield court, however, reversibly erred by striking the Southfield plaintiffs' amended complaint and by dismissing the Southfield case for insufficient service of process.  We thus affirm the orders of the Royal Oak, Beverly Hills, and Birmingham courts denying the corresponding defendants' motions to dismiss the cases; affirm the orders of the Royal Oak and Birmingham courts denying the corresponding defendants' motions to strike the amended complaints; reverse the Southfield court's orders striking the Southfield plaintiffs' amended complaint and dismissing their case; and remand for further proceedings consistent with this opinion.

---

[14] As noted, the only substantive differences between the original and amended complaints were the addition to the Birmingham complaint of two new plaintiffs who had allegedly experienced the same flooding already alleged in the original complaint, and the addition to all four complaints of another alleged flooding event on or about August 24, 2023 for some of the named plaintiffs. Certain defendants suggest that the differences between the original and amended complaints left them at risk of providing mistaken responses in their answers or inadvertently waiving defenses. They do not explain, however, exactly how that risk was present in these cases, let alone how it was so significant that it rendered the circumstances a complete failure of service.  They relatedly assert that, because they were only served with the amended complaints, they were inadequately apprised of the existence of the original complaints and the defenses arising from plaintiffs' method of service.  As explained, that method of service was proper, but in any event, it is not apparent to us how service of only the amended complaints—which were all clearly labeled "First Amended Complaint"—failed to apprise defendants of the existence of the original complaints or unduly hindered defendants from gathering further information about the cases' procedural circumstances and challenging those circumstances accordingly.

We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock